A89A0280. SMITH v. THE STATE.
(379 SE2d 643)

DEEN, Presiding Judge.

Byron Edward Smith, Jr., appeals from his convictions of trafficking in cocaine, criminal use of an article with an altered identification, possession of less than an ounce of marijuana, and theft by receiving stolen property, contending that his written confession was made in violation of OCGA § 24-3-50 and should not have been admitted into evidence at his trial. *Held*:

The evidence showed that appellant's mother, Gloria Glass, was a codefendant in the case. Glass' attorney testified that he received information from his client's boyfriend that drugs and contraband found in her home belonged to Smith. He asked the young man to make a statement to that effect because he felt that it would be helpful in obtaining a bail bond for Glass. Smith claims that he made the

statement to secure his mother's release from jail because he was concerned that there was no one to care for her other four children. At the motion to suppress hearing, Glass' attorney claims that Smith contacted him, admitted that the drugs were his and that he would claim them. The attorney advised him that his statement would likely be used against him. Other evidence showed that when the police officers executed a search warrant at Glass' home, she directed them to the hidden drugs and claimed that they belonged to her husband. There was also testimony that Smith did not live at his mother's residence.

"Statements made to parties [who] are not law enforcement officers or agents of the state do not require *Miranda* warnings. [Cit.] Nor does such an interview trigger an accused's right to counsel under the Constitution of the United States or the Constitution of the State of Georgia. '(F)ar from being prohibited by the Constitution, admissions of guilt by wrongdoers, if not coerced, are inherently desirable.' [Cit.]" *Berryhill v. State*, 249 Ga. 442, 450 (291 SE2d 685) (1982). See also *Bethea v. State*, 251 Ga. 328 (304 SE2d 713) (1983). We find that appellant's claim that he was coerced into making a statement contains no merit and that the trial court did not err in overruling his motion to suppress it and to permit it to be admitted into evidence.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MARCH 10, 1989.

*Penny A. Penn*, for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys*, for appellee.